IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dion Orlando Taylor, | ) | C/A No. 0:10-50-HMH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND** |
| John Ozmint, Director, in his official and | ) | **REPORT AND RECOMMENDATION** |
| individual capacity; Lt. John Mitchell, in his | ) | |
| individual capacity; Lt. Jim Gibson, in his | ) | |
| individual capacity; Bernard McKie, Warden, | ) | |
| in his official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Dion Orlando Taylor ("Taylor"), a self-represented state prisoner, filed this civil rights matter pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Taylor of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 15.) Taylor filed a response in opposition to the defendants' motion. (ECF Nos. 21, 23, & 27.) Subsequently, Taylor was granted leave to amend his Complaint to add facts and claims, and the defendants were given leave to supplement their motion to dismiss. (Order, ECF No. 50.) The defendants filed a supplement to their motion (ECF No. 55) and Taylor filed a supplemental response (ECF No. 60). Also before the court is Taylor's motion for a preliminary injunction. (ECF No. 25.) Having carefully considered the parties' submissions and the applicable law, the court finds that the defendants' motion to dismiss should be granted in part and denied in part and Taylor's motion for a preliminary injunction should be denied.

PJG

## BACKGROUND

At the time he filed the Complaint, Taylor was an inmate of Ridgeland Correctional Institution. The incidents that are the subject of his Complaint occurred when he was incarcerated at Kirkland Correctional Institution. Taylor contends that while at Kirkland, Defendants Mitchell and Gibson violated his constitutional rights by using excessive force during an altercation stemming from Taylor's violation of the "no-talk" rule in the cafeteria line. Specifically, Taylor alleges that when he was reprimanded for talking, Taylor threw a plastic cup at the wall in frustration. Defendants Gibson and Mitchell then allegedly choked him and bent his leg back, resulting in a knee injury. Taylor also appears to allege that the defendants were deliberately indifferent to his medical needs following this incident. Taylor further contends that he was placed alone in a cell for five days. Liberally construed, his Complaint appears to further raise a claim challenging the Department of Corrections's policy prohibiting inmates from talking while waiting in the cafeteria line.

## DISCUSSION

### A.    Rule 12(b)(6) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct



alleged.  Id.  When considering a motion to dismiss, the court must accept as true all of the factual

allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

      This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S.

89, 94 (2007) (*per curiam*).  Such *pro se* complaints are held to a less stringent standard than those

drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district

court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto,

405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's

allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555-56 (2007)).

      Nonetheless, the requirement of liberal construction does not mean that the court can ignore

a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court

may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d

1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d

411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City

of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## B.    Official Capacity Claims

      The defendants correctly assert that Taylor's claims fail against Defendants Ozmint and

McKie in their official capacities.  The Eleventh Amendment to the United States Constitution states

that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or



equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). State officials, as arms of the state, are entitled to sovereign immunity and are not "persons" under § 1983. Will, 491 U.S. at 70-71. Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, Taylor's claims for damages against Ozmint and McKie in their official capacities must be dismissed. See Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

## C.     Eighth Amendment Claims

### 1.     Excessive Force (Defendants Mitchell and Gibson)

The Eighth Amendment to the United States Constitution expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The " 'core judicial inquiry' " in an excessive force claim under the Eighth Amendment is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S.



at 9.  However, " '[w]hen prison officials maliciously and sadistically use force to cause harm,' . . . 'contemporary standards of decency always are violated . . . whether or not significant injury is evident.  Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.' "  Wilkins, 130 S. Ct. 1175 (quoting Hudson, 503 U.S. at 9).

The court finds that Taylor has alleged sufficient factual matter to " 'state a claim to relief that is plausible on its face.' "  Iqbal, 129 S. Ct. at 1953 (quoting Twombly, 550 U.S. at 570).  Taylor claims that Defendants Mitchell and Gibson continued to apply force after Taylor was subdued and compliant.  Accepting these allegations as true as the court must at this stage, the court concludes that dismissal of this claim pursuant to Rule 12(b)(6) is not appropriate.  Additionally, because the Eighth Amendment right to be free from force applied maliciously and sadistically to cause harm is clearly established and the court cannot conclude as a matter of law on this record that the defendants did not violate that right, the court cannot say at this time that they are entitled to qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815-16 (2009).

### 2.    Deliberate Indifference

#### a.    Conditions of Confinement

Taylor also alleges that his constitutional rights were denied when he was placed in administrative segregation following the incident in the cafeteria.  "The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted).  To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on



the part of prison officials.' " <u>Strickler v. Waters</u>, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting

<u>Williams v. Griffin</u>, 952 F.2d 820, 824 (4th Cir. 1991)).  To demonstrate that the conditions deprived

him of a basic human need, a plaintiff must allege that officials failed to provide him with humane

conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking]

reasonable measures to guarantee the safety of the inmates." <u>Farmer</u>, 511 U.S. at 832.  As to the

second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial

risk of harm to a prisoner and disregards that substantial risk.  <u>Id.</u> at 847; <u>see also</u> <u>Parrish v.</u>

<u>Cleveland</u>, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires

actual knowledge and disregard of a substantial risk of serious injury).  Further, a plaintiff must

demonstrate that he suffered a serious or significant physical or mental injury as a result of the

challenged condition.  <u>See</u> <u>Strickler</u>, 989 F.2d at 1380-81.  However, "[n]o Federal civil action may

be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C.

§ 1997e(e).

In that case at bar, although Taylor generally alleges that he suffered an emotional and mental

injury and mental anguish, he has not alleged that he suffered any physical injury from the cell

conditions of which he complains.  (<u>See</u> ECF No. 52 at 2, 52-4 at 7.)  Accordingly, this claim should

be dismissed pursuant to Rule 12(b)(6).

### b.    Medical Claim

Taylor also appears to allege a claim of deliberate indifference to his medical needs with

regard to his knee injury following the cafeteria incident.  However, the only allegation he makes

regarding this claim involves a nurse who is not named as a defendant in this case.  The law is clear

that personal participation of a defendant is a necessary element of a § 1983 claim against a



government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). Mere knowledge is not sufficient to establish personal participation. Id. Since no such personal involvement with regard to this claim is alleged against any of the defendants in this case, Taylor has failed to state a claim of medical indifference.

## C.   First Amendment Claim

Inmates retain their First Amendment right of free speech in prison. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "[f]reedom of speech . . . does not comprehend the right to speak on any subject at any time." Am. Communications Assn. v. Douds, 339 U.S. 382, 394 (1950). Moreover, in Turner v. Safley, 482 U.S. 78, 89 (1987), the United States Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." To meet this standard, the Turner Court identified four factors to consider: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials. Id. at 89-90. The Court also recognized that deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Id. at 89; see also In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 469 (4th Cir. 1999) ("Prison officials should be accorded wide-ranging



deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

To the extent that Taylor challenges the prison policy restricting inmate speech while waiting in the cafeteria line, he has failed to state a claim upon which relief may be granted. Taylor has failed to allege conditions which would violate the <u>Turner</u> standard and therefore this claim should be dismissed pursuant to Rule 12(b)(6). <u>See</u>, <u>e.g.</u>, <u>Hendrickson v. McCreanor</u>, 199 Fed. Appx. 95 (3d Cir. 2006) (unpublished) (upholding a similar policy that prohibited talking by inmates during meals in a dining hall and applying the <u>Turner</u> test and concluding that the policy did not violate the inmates' First or Eighth Amendment rights); <u>Duncan v. Quarterman</u>, C/A No. 2:09-0187, 2009 WL 2614395 (N.D. Tex. Aug. 26, 2009) (unpublished) (holding that a no-talking policy in certain parts of the prison did not violate a prisoner's First Amendment rights).

**D.    Other Claims**

To the extent that Taylor attempts to allege a separate claim based on his assertion that Defendants Mitchell and Gibson failed to follow South Carolina Department of Corrections policy, such allegations, standing alone, do not rise to the level of a constitutional violation. <u>See United States v. Caceres</u>, 440 U.S. 741 (1978); <u>see also</u> <u>Riccio v. County of Fairfax, Va.</u>, 907 F.2d 1459, 1469 (4th Cir. 1990) (stating that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); <u>Keeler v. Pea</u>, 782 F. Supp. 42, 44 (D.S.C. 1992) (stating that violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

**E.      Preliminary Injunction**

Taylor has also filed a motion for a preliminary injunction; however, he is seeking to enjoin persons who are not parties to this action.  Therefore, this motion must be denied.

**RECOMMENDATION**

Other than the excessive force claim, Taylor's claims fail to state a claim upon which relief may be granted.  Accordingly, the court recommends that the defendants' motion to dismiss (ECF No. 14) be denied as to the excessive force claim against Defendants Gibson and Mitchell and granted as to all other claims.  Taylor's motion for a preliminary injunction (ECF No. 25) should be denied.[1]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 7, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] If this recommendation is adopted, the court will issue an amended scheduling order providing additional time to complete discovery and for the parties to file dispositive motions. Further, in light of the fact that discovery is currently stayed pending resolution of the defendants' motion to dismiss, Taylor's motion to compel (ECF No. 45) is denied with leave to re-file.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).