IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dion Orlando Taylor, ) | |
| ) | C.A. No. 0:10-50-HMH-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Jon Ozmint, Director, in his official and ) | |
| individual capacity; Lt. John Mitchell, in ) | |
| his individual capacity; Lt. Jim Gibson, in ) | |
| his individual capacity; Bernard McKie, ) | |
| Warden, in his official and individual ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Dion Orlando Taylor ("Taylor"), a state prisoner, brought an action under 42 U.S.C. § 1983 alleging violations of his civil rights. In her Report and Recommendation, Magistrate Judge Gossett recommends granting Defendants' motion to dismiss on all of Taylor's claims except the excessive force claim against Lt. Jim Gibson ("Gibson") and Lt. John Mitchell ("Mitchell"). (Report & Recommendation, generally.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Taylor filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Taylor's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean four specific objections.

First, Taylor objects to the magistrate judge's recommendation to dismiss the claims against the Defendants in their official capacities on the basis of Eleventh Amendment immunity. (Objections 3-6.) This objection is without merit. As the magistrate judge noted, "a suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent . . . and . . . victory in such an official capacity suit imposes liability on the entity that the officer represents." McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997) (internal citations and quotations omitted). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). As such, state officials, acting in their official capacities, cannot be liable for money damages in § 1983 actions. See Hafer v. Melo, 502 U.S. 21, 26 (1991). Based on the foregoing, Taylor's objection is without merit.

Second, Taylor objects to the magistrate judge's recommendation to dismiss his deliberate indifference claim based on conditions of confinement. (Objections 6-11.) According to Taylor, he violated the "no-talk" rule in the cafeteria line and when reprimanded, he threw a plastic cup at the wall. (Compl., generally.) As a result, he alleges that Defendants Gibson and Mitchell allegedly choked him and bent his leg back injuring his knee. (Id.) Further, Taylor states that because of the violation of the rule he was placed in a cell alone for five days without clothing, blankets, or a mattress. (Id. ¶ 27.) Taylor alleges that the Defendants were deliberately indifferent in failing to provide humane conditions of confinement.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, "there must be evidence of a *serious medical and emotional* deterioration attributable to the challenged condition." Strickler v. Waters, 989 F.2d 1375, 1379-80 (4th Cir. 1993). "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." Id. at 1381. Taylor alleges that the Defendants were aware that he suffered from mental illness and "would suffer from being firstly placed in cell with no clothing, blankets, sheets, mattress, etc. for multiple days." (Objections 6.) Taylor further notes that as a result of being deprived clothing and blankets he was extremely cold.

In Matherly v. Smith, the Fourth Circuit concluded that "[a]lthough we express no view on the merits, we believe [the plaintiff's] allegation that he was confined in an isolation cell with no clothing or bedding for two days states a claim of unconstitutional conditions in violation of the due process clause." No. 86-6761, 1986 WL 18635, at *1 (4th Cir. Dec. 3, 1986) (unpublished); McCray v. Burrell, 516 F.2d 357, 365-67 (4th Cir. 1975) (en banc) (finding Eighth Amendment violation when a suspected mental patient was held for forty-eight hours in a cell without a blanket, mattress, sink, or running water, and with a filthy toilet); Pellum v. Burtt, C/A No. 9:05-3339-JFA-GCK, 2008 WL 759084, at *25 (D.S.C. Mar. 20, 2008) (unpublished) (finding that the "Plaintiff has shown that, objectively, the Defendants violated his rights under the Eighth Amendment with respect to conditions of confinement. Plaintiff was housed in a cell for four days (from December 25 to December 29) without a mattress, a blanket, or any extra clothing, during one of the coldest months of the year."); Johnson v. Williams, 788 F.2d 1319, 1323-24 (8th Cir. 1986) (remanding for consideration of Eighth Amendment claim where prisoner held in quiet cell for 18 hours on two separate occasions with no clothing or bedding). Given that this matter is before the court on a motion to dismiss and the liberal construction afforded pro se pleadings, the court finds that Taylor has stated a claim for deliberate indifference based on conditions of confinement.

Third, Taylor objects to the magistrate judge's recommendation to dismiss his First Amendment claim challenging the "no-talk" rule that he violated. (Objections 11-12.) Taylor alleges that the rule applies only to "just sentenced inmates" that are placed at Kirkland Correctional Institution temporarily to process through the Reception and Evaluation Center. (Id. 11.) Thus, "all [reception and evaluation] inmates cannot talk or communicate with each other or

4

any other person on prisonyard, but permanently housed inmates may do so." (Id.) "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). It is well established that a prison rule that impinges on an inmate's constitutional rights is valid "if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

> Prison officials may place reasonable restrictions on inmate speech for any legitimate penological objective, including discipline, order, safety, and security. Curtailment of inmate speech in corridors and on sidewalks, as well as in the chow hall and while working is a reasonable restriction and does not constitute a deprivation of inmate First Amendment freedom of speech.

Duncan v. Quarterman, No. 2:09-CV-0187, 2009 WL 2614395, at *3 (N.D. Tex. Aug. 26, 2009) (dismissing claim as frivolous); see also Smiley v. Stevenson, C/A No. 0:09-2039-TLW-PJG, 2010 WL 2902778, at *4 (D.S.C. Apr. 30, 2010) (unpublished) (recommendation that the district court grant summary judgment on First Amendment claim concerning similar rule which the district court adopted in a July 22, 2010 order). Based on the foregoing, Taylor has failed to state a claim for violation of his First Amendment rights.

Lastly, Taylor generally objects to the magistrate judge's recommendation to deny his motion for a preliminary injunction. (Objections 12-13.) The magistrate judge recommends denying Taylor's motion because he complains about the actions of persons that are not parties to this civil action. In his objections, Taylor submits that he "is not seeking to enjoin any other parties but his civil action in part, is being sought against the Director of S.C. Dept. of Corrections, so there will be a casual connection in whatever prisonyard I find myself within the Dept. of Corrections." (Objections 12.) This objection is without merit. According to his

motion, Taylor is seeking to enjoin prison officials with the Ridgeland Correctional Institution and the South Carolina Department of Corrections from continuing to violate his constitutional rights and departmental policies. Ridgeland Correctional Institution, the South Carolina Department of Corrections, and the unnamed prison officials are not defendants in this action. See e.g., Drayton v. Ozmint, Civil Action No. 8:10-2079-HFF-BHH, 2010 WL 4922698, at *1 (D.S.C. Nov. 3, 2010) (unpublished) (recommendation adopted by district court in a November 29, 2010 order). Therefore, the court denies Taylor's motion for a preliminary injunction. Based on the foregoing, the court adopts Magistrate Judge Gossett's Report and Recommendation to the extent it is consistent with this opinion. The court denies the Defendants' motion to dismiss with respect to Taylor's excessive force claim and deliberate indifference based on conditions of confinement claim only. The remaining claims are dismissed.

Therefore, it is

**ORDERED** that Defendants' motion to dismiss, docket number 14, is granted in part and denied in part. It is further

**ORDERED** that Taylor's motion for preliminary injunction, docket number 25, is denied.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
February 7, 2011

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.