IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dion Orlando Taylor, ) | | C/A No. 0:10-50-HMH-PJG |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | **ORDER** |
| John Ozmint, Director; Lt. John Mitchell; Lt. ) | | |
| Jim Gibson; and Bernard McKie, Warden, in ) | | |
| their individual capacities, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

Plaintiff Dion Orlando Taylor, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motions regarding evidence, to compel, for a "poor persons" order, for sanctions, and for subpoenas. (ECF Nos. 53, 71, 91, & 92.)

Plaintiff moves for the court to order the defendants to "preserve all requested discovery." (ECF No. 53.) This motion is denied as moot, as Plaintiff appears to have requested this information and materials in his discovery.

Plaintiff also requests a court order compelling the defendants to respond to his discovery requests. (ECF Nos. 71 & 91.) In light of the defendants' response (ECF No. 93), Plaintiff's motion is denied at this time with leave to refile his motion, if necessary, by September 21, 2011 detailing why he believes additional responses are required. Plaintiff's motions seeking sanctions against the defendants are also denied.

Plaintiff's motion for a "poor persons" order requests that the court allow him to receive free copies of transcripts and other discovery materials due to his indigent status. While Plaintiff was

granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915, this status exempts litigants from paying the filing fees in full at the time the lawsuit is filed; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions.  See, e.g., In re Richard, 914 F.2d 1526 (6th Cir. 1990) (stating that the granting of *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense"); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding).  Therefore, Plaintiff's motion is denied.  (ECF No. 71.)

Plaintiff has requested blank subpoena forms for use in his case.  (ECF No. 92.)  Plaintiff's motion is granted, and the Clerk of Court is directed to provide Plaintiff with eight blank subpoena forms so that the Plaintiff may complete them and return them to the Clerk of Court for review and issuance, if proper, pursuant to the Federal Rules of Civil Procedure and the practice of this court.

**IT IS SO ORDERED.**

*/s/ Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 22, 2011
Columbia, South Carolina