IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dion Orlando Taylor, | ) | |
| | ) | C.A. No. 0:10-50-HMH-PJG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| John Ozmint, Director, in his official and individual capacity; Lt. John Mitchell, in his individual capacity; Lt. Jim Gibson, in his individual capacity; Bernard McKie, Warden, in his official and individual capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Dion Orlando Taylor ("Taylor"), a state prisoner proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging violations of his civil rights.  In her Report and Recommendation, Magistrate Judge Gossett recommends denying Defendants' motion for summary judgment on Taylor's deliberate indifference claim against Barnard McKie ("McKie") and excessive force claim against Lt. Jim Gibson ("Gibson")

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

and Lt. John Mitchell ("Mitchell") and granting summary judgment to John Ozmint ("Ozmint") on the deliberate indifference claim. (Report & Recommendation, generally.)

Taylor and the Defendants both filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Taylor's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. The court will address the Defendants' specific objections.

First, the Defendants object to the magistrate judge's recommendation to deny summary judgment on Taylor's excessive force claim. (Defs. Objections 6-9.) Given the "ever-present potential for violent confrontation and conflagration" in prison settings, measures taken by prison officials to prevent internal disturbances are "accorded wide-ranging deference." Whitley v. Albers, 475 U.S. 312, 321 (1986). Whether there is an Eighth Amendment violation in the context of a prison disturbance turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). The predominate focus is not on the extent of the injury but rather the nature of and justification for the inflicted force. Id. at 1179. In determining whether a prison official's actions were carried out "maliciously and sadistically," the court is guided by

the following factors: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force" used; (3) "the extent of injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." Whitley, 475 U.S. at 321. When reviewing the actions of correctional officers, the court must refrain from "critiqu[ing] in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of second chance." Id. at 320.

On June 11, 2009, Taylor was involved in an incident while housed at Kirkland Correctional Institute ("Kirkland"), a South Carolina Department of Corrections facility. Taylor and the Defendants strongly dispute the facts surrounding the incident. Gibson alleges that Taylor cursed and threw a cup at Mitchell after being ordered to a holding cell. (Defs. Mem. Supp. Summ. J. Ex. C (Gibson Aff. ¶ 6).) As a result of Taylor's behavior, Gibson alleges that he subdued and restrained Taylor because he was a security risk. (Id. Ex. C (Gibson Aff. ¶ 10).) In his affidavit, Gibson does not specifically detail the actions he took to subdue and restrain Taylor. Further, the Defendants have not provided a sworn declaration from Mitchell.

In contrast, Taylor alleges that he did not throw a cup at Mitchell, but admits to throwing the cup at the "floor/wall." (Pl. Mem. Opp'n Summ. J. 3.) Taylor states that after throwing the cup, he voluntarily proceeded toward the holding cell. (Id.) Taylor submits that although he complied with Gibson's directives, Gibson began to choke him and Mitchell grabbed and injured Taylor's leg, all with malicious intent. (Id. Ex. P-2 (Taylor Decl., generally).) According to Taylor, he was initially charged with "threatening to inflict harm" but the charge

3

was reduced to "disrespect" because Gibson admitted that he did not observe Taylor throwing a cup at Mitchell. (Id. Ex. O-2 (Taylor Decl., generally).)

Viewing the facts in a light most favorable to Taylor, the court is constrained to deny the Defendants' motion for summary judgment on the excessive force claim. Because the parties dispute virtually all of the material facts regarding the June 11, 2009 incident and the Defendants only offer conclusory evidence regarding the type and amount of force used, the court cannot determine whether the application of force was made in "a good faith effort to maintain or restore discipline." Based on the foregoing, the court finds that Defendants' motion for summary judgment on Taylor's excessive force claim is denied.

Second, the Defendants object to the magistrate judge's recommendation to deny summary judgment on Taylor's deliberate indifference claim based on conditions of confinement against McKie.[2] (Objections 9-12.) According to Taylor, as a result of the June 11, 2009 incident, he was placed in the Special Management Unit ("SMU") for five days without clothing, blankets, or a mattress in an extremely cold cell. (Compl. ¶ 27); (Pl. Mem. Opp'n Summ. J., generally.) Taylor alleges that McKie was deliberately indifferent in failing to provide humane conditions of confinement.

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth

---

[2] Taylor alleged a deliberate indifference claim against Ozmint. However, this claim fails because it is based solely on a failure to supervise. A claim basing liability on the doctrine of respondeat superior is not cognizable under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).

4

>   Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Further, "there must be evidence of a *serious medical and emotional* deterioration attributable to the challenged condition."  Strickler v. Waters, 989 F.2d 1375, 1379-80 (4th Cir. 1993).  "If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment."  Id. at 1381; McCray v. Burrell, 516 F.2d 357, 365-67 (4th Cir. 1975) (en banc) (finding Eighth Amendment violation when a suspected mental patient was held for forty-eight hours in a cell without a blanket, mattress, sink, or running water, and with a filthy toilet); Pellum v. Burtt, C/A No. 9:05-3339-JFA-GCK, 2008 WL 759084, at *25 (D.S.C. Mar. 20, 2008) (unpublished) (finding that the "Plaintiff has shown that, objectively, the Defendants violated his rights under the Eighth Amendment with respect to conditions of confinement.  Plaintiff was housed in a cell for four days (from December 25 to December 29) without a mattress, a blanket, or any extra clothing, during one of the coldest months of the year.").  Taylor alleges that the cold temperature in his cell aggravated his knee injury and mental health condition.  (Pl. Mem. Opp'n Summ. J. Ex. O-2 (Taylor Decl., generally) & Ex. F-2 (Request for Staff Response).)

The Defendants submit that during June the average outside temperature is 82 degrees. (Defs. Mem. Supp. Summ. J. Ex. D (Weather History).)  McKie, warden of Kirkland, states in his affidavit that the facility complied with all policies and procedures related to Taylor's confinement and that he was not aware of a substantial risk of harm to Taylor.  (Id. Ex. E (McKie Aff. ¶ 10).)  Aside from a conclusory statement of compliance with all relevant policies and

procedures, McKie has failed to offer any evidence regarding the air temperature inside the SMU or whether the SMU was cooled in the summer.  Further, McKie has offered no evidence regarding whether Taylor was afforded any clothing or blankets.

Taylor alleges that it was so cold he "could see visibly his breath." (Pl. Mem. Opp'n Summ. J. Ex. O-2 (Taylor Decl., generally).)  With respect to the knee injury, according to the incident report, Taylor was seen by a nurse and provided medication before being placed in the SMU. (Defs. Mem. Supp. Summ. J. Ex. A (Report).)  However, Taylor has provided a record indicating that he had requested medical treatment while in the SMU.  In the request to staff member dated July 6, 2011, Taylor indicates that he "still [hasn't] seen anyone regarding my knee!  Knee problem consists of limited range of motion, when I sit or lay down, getting up is excruciating!  Internal damage has been done." (Pl. Mem. Opp'n Summ. J. Ex. F-2 (Request to Staff Member).)  Taylor submits that his knee injury worsened while in the SMU.  Specifically, Taylor states that the "range of motion" and "flexibility" were affected "by being made to sleep on concrete floor w/ no way of elevating [his] knee." (Id. Ex. Q-2 (Taylor Decl., generally).)  Further, Taylor has provided evidence regarding his mental health condition.  Taylor alleges that he suffered "mental anguish and trauma" and that his "dosage of medication(s) had to be increased, those that target mood and depression due to injury suffered [and] conditions of confinement." (Id. Ex. Q-2 (Taylor Decl., generally).)  Taylor submits that McKie

> had a wealth of knowledge and information at his disposal about the plaintiff's mental health issues, one very poignant piece of information being the Doctor (Stein) at the institution which he is in charge of governing issued bottom bunk pass to plaintiff because the plaintiff was on (4) four different psychiatric medication at the time relevant to the subject matter.

(Id. Ex. O-2 (Taylor Decl., generally).)  Although the knee injury was suffered prior to his placement in the SMU, taken in the light most favorable to Taylor, he has provided sufficient evidence to raise a genuine issue of material fact that his conditions of confinement aggravated his knee injury and mental health condition and caused additional pain, and that McKie was aware of the risk of harm.  Based on the foregoing, the court finds that the Defendants' motion for summary judgment on the deliberate indifference claim against McKie is denied.  Therefore, the court adopts Magistrate Judge Gossett's Report and Recommendation.

Therefore, it is

**ORDERED** that Defendants' motion for summary judgment, docket number 107, is denied as to Taylor's excessive force claims against Gibson and Mitchell and deliberate indifference claim against McKie and granted as to the deliberate indifference claim against Ozmint.  It is further

**ORDERED** that Taylor's motions, docket numbers 99, 117, and 133, are denied.

**IT IS SO ORDERED**.

    s/Henry M. Herlong, Jr.
    Senior United States District Judge

Greenville, South Carolina
November 17, 2011

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.